IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OLIVIA SANCHEZ, § | |
|   PLAINTIFF § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:23-CV-454 |
| § | |
| AMIR MISKIC AND AIM § | |
| TRANSPORTATION § | |
| SERVICES, LLC., § | |
|   DEFENDANTS § | |

## PLAINTIFF'S AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**OLIVIA SANCHEZ** files her Amended Complaint against **AMIR MISKIC AND AIM TRANSPORTATION SERVICES, LLC.,** and respectfully shows as follows:

## PARTIES

1. Plaintiff **OLIVIA SANCHEZ** resides in Texas.

2. Defendant **AMIR MISKIC** ("Miskic") is an individual who has been served with process. Miskic is domiciled in and a citizen of Iowa.

3. Defendant **AIM TRANSPORTATION SERVICES, LLC.** ("Aim") is an Iowa Limited Liability Company doing business in the State of Texas. Defendant Miskic's counsel has agreed to accept service on Aim's behalf.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). All parties are citizens of different states and the amount in controversy exceeds $75,001.00, exclusive of interest and costs.

5. Venue in the Western District is proper because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas, which is located within this federal district.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## FACTS

7. On or about December 10, 2022, Plaintiff was travelling on State Highway 16 in San Antonio, Bexar County, Texas at around 11:00 p.m. The road was wet and it was raining. At the same time, Miskic was operating a Freightliner Cascadia 125 while in the course and scope of employment with Aim. Miskic failed to control his speed, crashed into a traffic signal pole and thereby caused debris from his crash to crash into Plaintiff's vehicle.

8. Because of the crash, Plaintiff suffered lasting injuries to her head, brain, cervical spine, and lumbar spine. Plaintiff also suffered acute pain and injury to her left shoulder, chest, and abdomen, along with abrasions and bruising to those areas. Plaintiff does not seek damages for injury to any parts of her body other than those identified in this paragraph.

9. It is well known in the trucking industry that driving on wet roads presents uniquely adverse conditions for commercial drivers.[1] The Federal Motor Carrier Safety Regulations, *see, e.g.,* 49 C.F.R. § 392.14 ("Hazardous conditions; extreme caution") require that commercial drivers exercise "extreme caution" when "hazardous conditions, such as those caused by … rain … adversely affect … traction." Every driver and motor carrier is charged with knowing and complying with all FMCSRs. 49 C.F.R. § 390.3(e).

## AGENCY AND RESPONDEAT SUPERIOR

10. At all relevant times Aim was an interstate motor carrier with DOT number 2609387.

---

[1] *See, e.g.,* "Large Truck and Bus Crash Facts 2020," U.S. Department of Transportation, Federal Motor Carrier Safety Administration (FMCSA) (2022); *see also* "Weather Conditions for Crashes 2022," Texas Department of Transportation (2023).

11. At all relevant times Miskic was Aim's statutory or actual employee and was within the course and scope of his employment or official duties for Aim and was in furtherance of the duties of his office or employment with Aim.

12. At all relevant times Miskic was a permissive user of Aim's vehicle.

13. As Miskic's employer, Aim is responsible for the negligent acts or omissions of its driver under the principles of *respondeat superior*.

## CAUSES OF ACTION

14. Defendants owed Plaintiff duties to conduct themselves consistent with the traffic laws of the State of Texas and the United States and to act as a reasonably prudent driver and/or interstate motor carrier would act.

15. With respect to Plaintiff's claims of gross negligence, Plaintiff alleges the following:

  a. Driving a heavy commercial vehicle on wet roads involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In 2022, there were 105 fatal and 330 "suspected serious" crashes in Texas under rainy conditions. Every motor carrier and driver, moreover, is charged with using "extreme" caution when moisture affects a commercial vehicle's traction.

    b.    Defendants had actual, subjective awareness of the extreme degree of risk presented by driving on wet roads. On information and belief, Aim and Miskic are familiar with the FMCSR's. The information and belief is based on the requirement that all motor carriers and drivers know of and comply with the regulations.

## A.    Miskic's negligence and gross negligence

16.    Miskic breached his duties to Plaintiff and acted in a manner that was negligent and grossly negligent by engaging in wrongful conduct including, but not limited to:

    a.    Failing to keep such a proper lookout as a person exercising ordinary prudence would have kept under the same or similar circumstances.

    b.    Failing to control speed.

    c.    Failing to pay proper attention.

    d.    Failing to take timely or proper evasive action to avoid the collision in question; and

    e.    Failing to control the subject vehicle so that a collision would not occur.

    f.    Failing to timely apply brakes.

    g.    Failing to exercise due care in the presence of a wet or slick road.

    h.    Failing to drive at a speed appropriate for the road conditions, in this case, a wet or slick road.

    i.    Failing to drive as a reasonable and prudent motor

carrier driver would drive.

**B.   Aim's negligent and grossly negligent entrustment**

17.   Aim entrusted a motor vehicle to Miskic when Miskic was not competent to safely operate a commercial motor vehicle on the public roads in this state.

    a.   Aim had a duty to ensure the driver of its commercial motor vehicle was competent and fit to drive.

    b.   Aim breached that duty because it knew, or under the exercise of reasonable care should have known, that Miskic was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public roads in this state.

18.   Aim's entrustment was both negligent and grossly negligent.

**C.   Aim's negligent and grossly negligent hiring, qualification, training, supervision, and retention of Miskic**

19.   Aim had duties to exercise ordinary care in hiring, qualifying, training, and supervising Miskic.

20.   On information and belief, Aim breached these duties by failing to make reasonable efforts to check that Miskic knew how to safely drive a commercial vehicle on wet roads at each stage of the employment process (hiring, qualification, training, supervision, and retention). Plaintiff's information and belief is based on the facts of the crash; a

properly hired, qualified, trained, retained, and supervised commercial driver would not have gone out of control on a wet road.

21. Aim's breaches of its duties constitute negligence and gross negligence.

**D. Causation**

22. Each of Defendants' acts and omissions described in ¶¶ 14-21, singularly or in combination with others, constituted negligence and gross negligence that proximately caused the occurrence made the basis of this action, and the personal injuries and damages Plaintiff sustained.

23. Defendants' negligence and gross negligence proximately caused Plaintiff damages far more than this Court's minimum jurisdictional limits.

## JUDGMENT INTEREST

24. Plaintiff is entitled to pre-judgment and post-judgment interest and costs of Court.

## PLAINTIFF'S DAMAGES

25. Plaintiff sustained the following damages as a direct and proximate result of Defendants' negligence:

    a. Physical pain and suffering in the past.

    b.    Physical pain and suffering in the future.

    c.    Mental anguish in the past.

    d.    Mental anguish in the future.

    e.    Physical impairment in the past.

    f.    Physical impairment in the future.

    g.    Medical expenses in the past.

    h.    Medical expenses in the future.

    i.    Loss of earning capacity in the past.

    j.    Loss of earning capacity in the future.

## **PRAYER**

Plaintiff requests that Defendants be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendants jointly and severally for:

1. Plaintiff's damages.
2. Cost of court.
3. Pre- and post-judgment interest.
4. Such other relief to which Plaintiff may be entitled.

Respectfully submitted,

**BRYLAK & ASSOCIATES, L.L.C.**
15900 La Cantera Parkway Suite 19245
San Antonio, Texas 78256
Tel: (210) 733-5533
Fax: (210) 558-4804


By: 
_____
**MICHAEL BLANCHARD**
State Bar No. 24036231
mblanchard@brylaklaw.com


*Attorney for Plaintiff.*